NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

(Interference No. 105,678)

**YASUHIRO OMURA,**
*Appellant,*

**v.**

**DAVID SHAFER, WILHELM ULRICH, AURELIAN DODOC, RUDOLF VON BUENAU, HANS-JUERGEN MANN, ALEXANDER EPPLE, SUSANNE BEDER,** AND **WOLFGANG SINGER,**
*Appellees.*

---

2010-1357

---

Appeal from the United States Patent and Trademark Office, Board of Patent Appeals and Interferences.

---

Decided: April 8, 2011

---

BARRY E. BRETSCHNEIDER, Morrison & Foerster, LLP, of McLean, Virginia, argued for appellant. With him on the brief were ADAM KESER; and DEANNE E. MAYNARD, of Washington, DC.

KURT L. GLITZENSTEIN, Fish & Richardson, P.C., of Boston, Massachusetts, argued for appellees. With him on the brief were MARC M. WEFERS and ADAM J. KESSEL. Of counsel was OLIVER R. ASHE, JR., Ashe, P.C., of Reston, Virginia.

---

Before BRYSON, SCHALL, and MOORE, *Circuit Judges*.

SCHALL, *Circuit Judge*.

## DECISION

Yasuhiro Omura ("Omura")[1] appeals the decision of the Board of Patent Appeals and Interferences ("Board") directing entry of judgment against Omura as to the subject matter of Count 1 of Interference No. 105,678 involving U.S. Patent No. 7,309,870 ("the '870 patent") to Omura and U.S. Patent Application No. 11/653,366 to David Shafer et al. ("Shafer").[2] *See Shafer v. Omura*, Interference No. 105,678 (B.P.A.I. Feb. 5, 2010) (Decision on Request for Rehearing). Omura requests that the Board's decision be reversed and that the case be remanded to the Board for entry of a corrected judgment terminating the interference without entry of judgment as to the count against Omura. We *affirm*.

## DISCUSSION

### I.

On January 30, 2009, the Board declared an interference between Shafer's application and the '870 patent. In the interference, Shafer was designated the Junior Party and Omura the Senior Party. Shafer's application and

---

[1]    The real party in interest is Nikon Corporation.
[2]    The real party in interest is Carl Zeiss SMT GmbH.

the '870 patent relate to catadioptric projection objectives for imaging a pattern arranged in an object surface onto an image surface. The Board defined the count of the interference to be claim 23 of Shafer's application or claim 23 of the '870 patent. The involved claims are claims 21-24 of Shafer's application and claims 21-24 of the '870 patent.

On June 2, 2009, Shafer filed Shafer Substantive Motion 1 ("Shafer Motion 1"). In its motion, Shafer sought judgment against Omura on the ground that claims 21-24 of the '870 patent lacked adequate written description under 35 U.S.C. § 112. Shafer identified three claim limitations as not adequately described in the specification. Shafer also moved to have the motion treated as raising a threshold issue depriving Omura of standing in the interference. On June 16, 2009, the Administrative Patent Judge ("APJ") managing the case held a conference call with the parties to discuss Omura's requests for leave to file responsive motions (1) to add a reissue application to the interference, (2) to substitute a count for the current count, and (3) to be accorded benefit of Omura's applications for the substitute count. The Board granted Omura's requests, but on June 23, 2009, Omura filed a Notice explaining that he had decided not to file the responsive motions.

On August 18, 2009, at the request of Omura's counsel, counsel for Omura and Shafer held a second telephone conference with the APJ. According to Omura, during the conference, his counsel advised the Board that he would not oppose Shafer Motion 1, agreed that it was a threshold motion, and indicated that Omura intended to file a paper requesting that the Board grant Shafer Motion 1 and terminate the interference. Omura states that the APJ indicated that she would consider Shafer Motion 1 and Omura's response on an expedited basis. In a

subsequent filing ("Omura Response 1"), Omura acknowledged (1) that the '870 patent does not provide written description support for one of the limitations of the involved claims that Shafer identified; and (2) that Shafer Motion 1 raised a threshold issue that deprived Omura of standing in the interference. Omura requested that the Board grant Shafer's motion without making a determination of priority.

On August 31, 2009, the Board issued an order stating:

> On 26 August 2009, Omura filed "OMURA RESPONSE 1 (to Shafer Substantive Motion No. 1)" (Paper 47), in which Omura concedes that Omura's involved patent does not provide written description support for certain claim terms found in all of Omura's involved claims. (Paper 47 at 2:4-10). Omura also does not seek to add new claims. The concession is construed as a request for entry of adverse judgment. 37 C.F.R. § 41.127(b)(3). The request is granted.

> Accordingly, it is

> ORDERED that judgment as to the subject matter of Count 1 . . . is entered against Omura; . . . .

*Shafer v. Omura*, Interference No. 105,678 (B.P.A.I. Aug. 31, 2009) (Judgment).

Omura requested rehearing, arguing that the Board should have granted Shafer Motion 1 and entered judgment that Omura's *claims* are unpatentable to Omura without entering judgment on the *count* against Omura. Omura contended that if the Board had granted Shafer Motion 1 and then terminated the interference by entering judgment on claims 21-24 due to lack of standing, the

judgment would not create any estoppel against Omura under Bd. R. 127(a)[3] as to the subject matter of the count.

The Board denied Omura's request for rehearing. *See* Decision on Request for Rehearing. The Board stated that, in Omura Response 1, Omura did not request that estoppel not apply, or that judgment not be entered against the count. The Board also stated that Omura's request that no determination of priority be made did not constitute a request that the Board enter judgment without doing so under Bd. R. 127. Further, the Board noted that the judgment was not based on a concession of *priority* over the count but instead was based on Omura's concession of *unpatentability*. The Board also noted that Omura had had an opportunity to stay in the interference by adding a claim through a reissue application, but had chosen not to do so.

## II.

We have jurisdiction over Omura's appeal pursuant to 28 U.S.C. § 1295(a)(4). We review decisions of the Board using the standard set forth in the Administrative Procedure Act, 5 U.S.C. § 706. *Dickinson v. Zurko*, 527 U.S. 150, 154 (1999). Under that statute, we set aside actions of the Board that are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and set aside factual findings that are unsupported by substantial evidence. *In re McDaniel*, 293 F.3d 1379, 1382 (Fed. Cir. 2002). This court accepts the Board's interpretation of Patent and Trademark Office regulations unless that interpretation is "plainly erroneous or inconsistent with the regulation." *Eli Lilly & Co. v. Bd. of Regents of the Univ. of Wash.*, 334 F.3d 1264, 1266 (Fed. Cir. 2003) (citing *Auer v. Robbins*, 519 U.S. 452, 461-62 (1997);

---

[3]     Bd. R. 127 is set forth at 37 C.F.R. § 41.127.

*Bowles v. Seminole Rock & Sand Co.*, 325 U.S. 410, 414 (1945); *Am. Express Co. v. United States*, 262 F.3d 1376, 1382 (Fed. Cir. 2001)).

## III.

Omura argues that there is not substantial evidence to support the Board's determination that his concession was a request for adverse judgment. According to Omura, his concession that he lacked written description support for his claims was not a "[c]oncession of . . . unpatentability of the contested subject matter" under Bd. R. 127 because "contested subject matter" in the rule refers to the count. 37 C.F.R. § 41.127; *see* Appellant's Br. 32-39. Omura urges that an interference is a priority contest between the parties as to the subject matter of the interference, which is the count, not the involved claims. *See* Reply Br. 6-7. Omura contends that under Bd. R. 201, 37 C.F.R. § 41.201, he did not have standing to proceed in the interference because his claims were not patentable due to lack of written description and that, therefore, the issue of standing should have been addressed before proceeding to the merits. *See* Appellant's Br. 28-31. Omura thus argues that the Board improperly entered judgment against him as to the count. In Omura's view, the effect of the Board's judgment was an improper judgment adverse to him on the issue of priority even though the Board did not decide priority.

Responding, Shafer points to the provision of Bd. R. 127 that a party who concedes the "unpatentability of the contested subject matter" is subject to adverse judgment. *See* 37 C.F.R. § 41.127(b)(3). Shafer contends that because Omura conceded that all of his involved claims were unpatentable, and did not seek to add any new claims, Omura no longer had any "subject matter" to contest, and that the Board was well within its discretion in entering

the judgment it did.  Shafer also argues that Bd. R. 100, 37 C.F.R. § 41.100, requires that "contested subject matter" in Bd. R. 127 means the parties' claims, because it defines the term "involved" to "mean[] the Board has declared the patent application, patent, or *claim* so described to be a *subject* of the contested case."  37 C.F.R. § 41.100 (emphasis added).

## IV.

In our view, there is substantial evidence that Omura's actions constituted a request for an adverse judgment.  We therefore do not think that the Board abused its discretion when it interpreted Omura's concession as to the unpatentability of claims  21-24 in that manner.  Even though unpatentability under 35 U.S.C. § 112 can be considered a threshold issue under Bd. R. 201, Bd. R. 127(b)(3) does not distinguish between unpatentability under different statutory sections (i.e. 35 U.S.C. § 112 as compared to 35 U.S.C. §§ 101-103).  The rule states:

> (b) *Request for adverse judgment.*  A party may at any time in the proceeding request judgment against itself.  Actions construed to be a request for adverse judgment include: . . .
>
> > (3) Concession of priority or unpatentability of the contested subject matter, . . . .

Bd. R. 127(b)(3).  Under these circumstances, we believe that Omura's admission that "involved claims 21-24 are unpatentable under 35 USC 112, first paragraph, as lacking written description support," J.A. 168, could fairly and reasonably be read as a "[c]oncession of . . . unpatentability of the contested subject matter" under Bd. R. 127(b)(3).  It seems to us that this is particularly so in view of the fact there are effectively no differences be-

tween the count of the interference and Omura's involved claim 23.

Finally, as noted above, on June 16, 2009, the APJ held a conference call to discuss Omura's pending requests (1) to add a reissue application to the interference, (2) to substitute a count for the current count, and (3) to be accorded benefit of Omura's applications for the substitute count. However, Omura decided not to pursue any of these courses. Thus, Omura could have taken action that might have avoided the problem that Omura sees in the present judgment. He chose not to do so, however. In our view, this fact further undermines Omura's attack on the present judgment.

## V.

For the foregoing reasons, we affirm the Decision of the Board on Request for Rehearing and decline to disturb the judgment entered against Omura under Bd. R. 127.

Each party shall bear its own costs.

**AFFIRMED**